UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THAD TATUM                                      CIVIL ACTION

VERSUS                                          No. 14-144

THE BOARD OF SUPERVISORS FOR                    SECTION I
THE UNIVERSITY OF LOUISIANA
SYSTEM

## ORDER AND REASONS

Before the Court is a motion[1] to dismiss by defendant, The Board of Supervisors for the

University of Louisiana System, to which plaintiff, Thad Tatum, has filed an opposition.[2] For the

following reasons, the motion is **DENIED**.

## BACKGROUND

The facts set forth in plaintiff's complaint are as follows. Plaintiff has been diagnosed with

paraplegia, and he uses a wheelchair as his primary means of mobility.[3] On December 7, 2013, he

visited the U.N.O. Lakefront Arena ("Arena") to attend a concert with his girlfriend.[4] While there,

plaintiff encountered numerous barriers that prevented him from being able to fully utilize the

programs and facilities offered at the Arena.[5] Specifically, he was told that there was no disabled

seating, and he was directed to locate himself in the walkway used by other patrons to move about

the Arena.[6] In this location, he was "unable to see the show because other patrons were walking and

dancing directly in front of him," and he was "bumped and shoved by passing patrons."[7] Plaintiff

---

[1] R. Doc. No. 5.
[2] R. Doc. No. 8.
[3] R. Doc. No. 1, at 2.
[4] R. Doc. No. 1, at 3.
[5] R. Doc. No. 1, at 3-4.
[6] R. Doc. No. 1, at 3.
[7] R. Doc. No. 1, at 3-4.

alleges that he "plans to and will visit" the Arena in the near future as a patron and customer, as well as to determine if the alleged barriers have been modified, but he will be deterred from visiting "until the architectural barriers are removed."[8] Plaintiff filed suit under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 for damages, injunctive relief, attorney's fees, and costs.[9]

## STANDARD OF LAW

Defendant has filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that plaintiff lacks standing to bring his lawsuit.[10] Specifically, defendant argues that plaintiff has not demonstrated an injury in fact.[11] Plaintiff correctly notes[12] that, because defendant's argument is premised on constitutional standing, the motion is properly treated as one filed pursuant to Rule 12(b)(1). *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011). Defendant also argues that plaintiff may not recover monetary damages pursuant to the ADA and the Rehabilitation Act.[13] This argument is properly raised pursuant to Rule 12(b)(6).

### I. Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action where the court finds that it does not have subject matter jurisdiction. Where "a Rule 12(b)(1)

---

[8]R. Doc. No. 1, at 4. In addition to the lack of accessible seating, plaintiff alleges that a number of architectural features render the property inaccessible, including insufficient disabled parking spaces. R. Doc. No. 1, at 5-6.
[9]R. Doc. No. 1, at 1.
[10]R. Doc. No. 5-1, at 7.
[11]R. Doc. No. 5, at 1.
[12]*E.g.*, R. Doc. No. 8, at 3-4.
[13]R. Doc. No. 5-1, at 8.

motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (holding that where there are grounds for dismissal under Rule 12(b)(1) for lack of jurisdiction and under Rule 12(b)(6) for failure to state a claim on which relief can be granted, the "court should dismiss only on the jurisdictional ground . . . without reaching the question of failure to state a claim")). This approach "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* at 161. Where dismissal under Rule 12(b)(1) is appropriate, the plaintiff is not precluded from seeking relief in another forum with proper jurisdiction because no determination on the merits has been made. *See Hitt*, 561 F.2d at 608.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Where, as here, the defendant has attacked the court's subject matter jurisdiction, the plaintiff has the burden of "proving by a preponderance of the evidence that the trial court" possesses the requisite jurisdiction. *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

**II. Rule 12(b)(6)**

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the U.S. Court of Appeals for the Fifth Circuit explained in *Gonzalez v. Kay*:

> Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

## ANALYSIS

### I. Standing

-4-

Plaintiff argues that he has standing pursuant to Article III because his access to the Arena was restricted and because he plans on visiting the Arena "in the near future" and "fears that he will experience serious difficulty again due to the barriers that he encountered."[14]

Under Article III, plaintiffs have standing if they have suffered (1) "an injury in fact" (2) that is "fairly traceable to the defendant's challenged behavior" (3) and is "likely to be redressed by a favorable ruling." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). "Article III standing requires a plaintiff seeking injunctive relief to allege 'actual or imminent' and not merely 'conjectural or hypothetical' injury." *Frame v. City of Arlington*, 657 F.3d 215, 235-36 (5th Cir. 2011) (en banc).

Plaintiffs may demonstrate an injury in fact if they are unable to visit a particular place or participate in a particular activity in the future, and they have done so in the past. For example, in *Friends of the Earth, Inc. v. Laidlaw*, the U.S. Supreme Court held that a group of plaintiffs satisfied the injury-in-fact requirement when they demonstrated that they had visited a river and recreational area in the past, and that, were it not for their concerns about pollutants in the water, they intended to use the area in the future. 528 U.S. at 182-83. Finding that this was "enough for [an] injury in fact," the Court explained that the "continuous and pervasive illegal discharges of pollutants into [the] river . . . cause[d] nearby residents to curtail their recreational use of that water and . . . subject[ed] them to other economic and aesthetic harms." *Id.* at 184-85.

Similar to the plaintiffs in *Laidlaw*, plaintiff has visited the Arena before and intends to visit in the near future. *See id.* at 182-85. Just as the pollution in *Laidlaw* allegedly hampered the plaintiffs' ability to enjoy the river and recreational area, the Arena's barriers hamper plaintiff's

---

[14]R. Doc. No. 8, at 3.

ability to access and enjoy events at the Arena. *Id.* Accordingly, plaintiff's complaint sufficiently alleges an injury in fact pursuant to Article III. *See also Steger v. Franco, Inc.*, 228 F.3d 889, 893-94 (8th Cir. 2000) (concluding that a plaintiff who had previously visited a shopping center with inaccessible restrooms alleged an adequate injury in fact).

The Court finds *Anderson v. Macy's, Inc.*, 943 F. Supp. 2d 531, 536 (W.D. Pa. 2013), the primary case on which defendant relies, factually distinguishable.[15] Moreover, defendant cites no Fifth Circuit authority relying on the four-factor test utilized in *Anderson*, which considers:"(1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff[']s past patronage; (3) the definitiveness of the plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel." *Id.* at 539 (quoting *Harty v. Burlington Coat Factory of Pa., L.L.C.*, No. 11-1923, 2011 WL 2415169, at *4 (E.D. Pa. June 16, 2011)). Finally, even if the Court undertook such an analysis, the four factors would weigh in favor of a finding that plaintiff has standing.[16]

## II. Damages

In the alternative, defendant seeks to dismiss plaintiff's claims for money damages, arguing

---

[15]In *Anderson*, the plaintiff claimed that defendants "own and operate Macy's stores and that they have discriminated against her as a disabled person who has physiological disorders underlying her obesity." 943 F. Supp. 2d at 537. Plaintiff specifically alleged that defendants' discriminatory actions included charging more for plus-size clothing and organizing stores such that the plus-size clothing department was "segregated" from other clothing and located "much farther from main entrances." *Id.* at 535-36.Plaintiff's lawsuit was premised on her visit to 17 stores, ranging from approximately 5 to 100 miles away. *Id.* at 539.

[16]Plaintiff and the Arena are both located in Orleans Parish. R. Doc. No. 1, at 1; R. Doc. No. 1-1. Although plaintiff may have only visited the Arena once, the law is clear that a disabled plaintiff "need not engage in futile gestures" to acquire standing. *Frame*, 657 F.3d at 236. Plaintiff has stated a definitive intent to return, and the "frequency of nearby travel" factor is somewhat inapposite in the context of a concert venue. To the extent that it can be considered, however, the fact that plaintiff and the Arena are located in the same parish, as reflected by the first factor, supports Article III standing.

that such damages are not recoverable pursuant to Title III of the ADA.[17] But plaintiff's lawsuit is brought pursuant to Title II of the ADA,[18] which plainly authorizes money damages. *See Frame*, 657 F.3d at 224 n.22 (citing *United States v. Georgia*, 546 U.S. 151, 154 (2006)). Defendant also argues that money damages are not recoverable pursuant to the Rehabilitation Act.[19] However, the sole case relied on by defendant as persuasive authority for the premise that the Rehabilitation Act does not permit damages for pain and suffering, *Eastman v. Virginia Polytechnic Institute & State University*, 939 F.2d 204 (4th Cir. 1991), "can no longer be considered good law." *Pandazides v. Va. Bd. of Educ.*, 13 F.3d 823, 830 (4th Cir. 1994) (citing *Franklin v. Gwinnett Cnty. Pub. Schs.*, 503 U.S. 60 (1992)); *see also Delano-Pyle v. Victoria County, Texas*, 302 F.3d 567, 575 (5th Cir. 2002) ("[I]n order to receive compensatory damages for violations of the [ADA and Rehabilitation Act], a plaintiff must show intentional discrimination.").

## CONCLUSION

For the foregoing reasons, the Court concludes that plaintiff has alleged a sufficient injury in fact pursuant to Article III. The Court further concludes that the authority cited by defendant for the premise that the Rehabilitation Act does not permit damages for pain and suffering is unpersuasive. Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, March 26, 2014.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[17]R. Doc. No. 5-1, at 8.
[18]R. Doc. No. 1, at 1.
[19]R. Doc. No. 6-1, at 8.

-7-